Chief Justice Bosxs
delivered the Opinion of the Court.
In the year 1806, Perry sold to Bavis an out lot in the town of Frankfort, and executed to him a bond for the conveyance of the title- whenever he should pay, in addition to what had already been paid, the sum of g600, the residue of the price. Shortly afterwards, Davis paid $503, and on the 12th of March, 1807, assigned the bond for the conveyance of the lot to Murray, who afterwards, on 23d of November, 1813, assigned the same to Catherine Winebrinner.
On the 18th of August, 1815, Perry sold and *33 conveyed the lot to Weisiger, for about the balance that remained due of the original price lor which he had sold to Davis; and Weisiger afterwards brought suit and recovered judgment in ejectment for the lot.
Bill with injunction.
Perry’s answer.
Weisiger’s answer, and cross bill.
To stay proceedings upon that judgment, Winebrinner filed her bill with injunction, in which she states the foregoing facts, and moreover alleges that she was in possession of the lot when Weisiger purchased, and that lie had full knowledge of her right, and of that of her assignor before he made the purchase, and she charges that she holds an obligation executed by Perry to Richard Price, on which there is a sum due more than sufficient to satisfy Perry for the residue of the price agreed to be given by Davis for the lot, against which she is content that it may be set off. She exhibits the obligation, but without any assignment to her, nor does she produce any evidence of her right to it, other than that which results from her possession of it.
She makes Davis, Murray, Perry and Weisiger, defendands, and prays for a conveyance to be decreed to her.
Perry, in Ins answer, admits the sale of the lot by him to Davis, upon the terms stated by the complainant, and that the price had been paid by Davis, with the exception of the balance mentioned in the hill, for which he alleges he had waited many years without any prospect of getting it, when he sold, as he thought he had a right to do, to Weisiger, and he insists, if the sale to Weisiger should be deemed irregular, that the lot should be decreed to be sold to satisfy the balance of the purchase money; and that the same may be paid to Weisiger. He admits the execution of the bond to Price, but denies the complainant’s right to it, and alleges that it had long since been discharged.
Weisiger, in his answer and amended answer, which he makes a cross bill, admits that he knew before the purchase from Perry, of Murray’s right, hut denies that he had any knowledge of the complainant’s claim; alleges that she and Murray were living together as man and wife, and that she was *34 not otherwise in possession of the lot, and he charges that Murray was indebted to him in a large sum, for which he has recovered judgment and issued execution; and that the assignment of the bond for the conveyance of the lot from Murray to the complainant was made to hinder and delay his creditors, and without consideration; and he calls upon Murray and the complainant to disclose the consideration of the assignment, and asks for a decree subjecting the lot to sale in satisfaction of his judgment.
Murray’s answer to Weisigei’s cross bill.
Decree of the circuit court.
Husband’s as sigmnenf to his wife of an obligation for conveyance of land is ineffectual.
Meretricious connection between a man and wo man does not disable her from rpceivins: of him by gift or contract.
Murray and the complainant, in their answer, deny that the bond for the conveyance of the lot was assigned by him to her to hinder and delay his creditors, and alleges that the assignment was made in part discharge of a debt which he owed her for personal services, before that, rendered by her.
The circuit court decree, that the lot should ho sold in satisfaction of the judgment obtained by Weisiger against Murray, and from that decree the complainant has appealed to this court.
Of the complainant’s right as against Perry, the original vendor of the lot, to a conveyance upon paying the residue of the price, we apprehend there could be but little doubt. Had she been the wife of Murray, it is true, she could have acquired no right by the assignment from him of the bond for a conveyance of the lot; for husband and wife, being in contemplation of law but one person, and she having no will of her own, is incapable of taking any thing by gift or contract from him, during coverture.
But the evidence in the cause does not warrant the conclusion thatthe complainant was, at the time of the assignment of the bond to her, or that she is now. the wife of Murray. There is no proof of a marriage- in fact, and although she is proved to have lived with him some years before, and to have had children by him, yet she had not assumed bis name, nor were they reported to bé husband and wife. The conclusion evidently is, therefore, that their connexion was, and is, of a meretricious, and not of a matrimonial character; and in such case, however criminal she may be in other respects, she is *35 noi disabled in law from acquiring property from him by gift or contract.
Future co-. habitation is a vicious consideration, & contracts upon it may be rescinded by the party, oí those claiming In privity under him.
Purchaser of land with notice of an out-standing obligation on the grantor to convoy it, stands in situation of grantor.
That obligee for conveyance of land, after assignment of the bond becemes indebted to one who afterwards acquires the legal title, is no defence to the bill of the assignee for the title.
Indebtedness after the time of a transfer of any property, is not itself sufficient to prove the transaction fraudulent as to eredilors. No transfer of bonds for land, prior tv. the act of 1921, could have been in fraud of «editora,
If their future cohabitation had been the consideration of the assignment, it would have been vicious, and Murray, and those claiming in privity under him, might on that ground have been entitled to a rescisión of the assignment; but she and Murray allege the consideration to be one of a valuable character, being for personal services, as they state, theretofore rendered- by her, and as they were called on to disclose the consideration, their statement must be taken to be true, especially as there is no evidence contradicting it.
The complainant’s right, therefore, to a conveyance of the lot upon the payment of the residue of the price, could not, as against Perry, admit of a serious question; and as a purchaser from Perry it is evident that Weisiger cannot stand in a better situation; for he not only admits that he purchased with notice of Murray’s right, under whom the complainant derives title, hut from the nature of his ¡¡urdíase, and especially from the amount of the consideration paid by him, it is inferable that he took the title from Perry subject to his prior sale of the lot to Davis.
The only remaining enquiry then, is, whether the circumstance of Weisiger’s being a judgment and execution creditor of Murray, places him in a more favorable attitude. That circumstance could evidently produce such an effect only upon the principle that the assignment of the bond for the conveyance of the lot in question from Murray to the complainant, was a fraud upon the rights of Weisiger as a creditor of Murray;...
But it is plain that the assignment cannot be so. considered; 1 st. because the judgment of Weisiger was not obtained against Murray until 1819, and the assignment of the bond from Murray to the complainant was made in 1813, and there is nothing in the record to shew that -Murray was, at the time he made the assignment, indebted to Weisiger, or any other person, and, most unquestionably, where a person, at the time he makes a transfer of proper *36 ty, is not indebted, the circumstance of his after-wards becoming so, is not in itself sufficient to justify a conclusion that the transfer is fraudulent as to his creditors.
Equitable inwenfnot suhjeottoexecution, nor to ffiJefrisbv* any other moans, prior $*•"»«*
Set off in equity refused.
Possession of ouTussi'm*11' mont'wfll not authorize its off wlfhout making the obligee a par-N-
Littell and Swigert fjr appellant; J. J. Marshall and Eaggin for defendants.
And, 2d!y. because the bond for the conveyance °*’ the lot was not, as the time he made the assignment to the complainant, liable to execution for his debts; for it must be considered either as a chose *n ac'tion, or, at most, as only giving him an equltabic title to the lot; and neither a chose in action nor a mere equitable right founded upon an exeeutary contract was, at the time the assignment was made, liable to an execution at law; nor could it be subjected to execution by a court of chancery, as was held by this court in the case of Buford vs. Buford, 1 Bibb, 305.
It results, therefore, that the decree of the circuit court, subjecting the lot in question to be sold in satisfaction of Weisiger’s judgment is erroneous; and that instead thereof, that court ought to have decreed a conveyance to the complainant upon the payment by her of the residue of the price, with interest from the time of the sale from Perry to Davis, by a day to be appointed by the court, and on failure of such payment, that the lot should be so^ *n aatisfacti°n thereof.
With respect to the bond executed by Perry and Price, and exhibited in the bill by the complainant, it is sufficient to remark, that the sum (if any) due tl|creb-v from Perry, certainly cannot be taken as a payment of the residue of the price of the lot, nor can she be entitled to avail herself of it as a set-off, floi because-jthe two demands are wholly unconnected, hut because, as the bond is not assigned to her, she could not be entitled to claim it as set* off, without.making Price, to whom the bond was executed, a party, which she has failed to do.
The decree must be reversed with costs; and the cause be remanded to the circuit court, that a decree may be there entered, in conformity herewith, and such other and further decrees and orders made therein, as may be agreeable to the rules of equity.